647 A.2d 437

David **POWELL**

v.

**MARYLAND AVIATION ADMINISTRATION.**

**No. 7, Sept. Term, 1994.**

Court of Appeals of Maryland.

Sept. 13, 1994.

Barry C. Steel, Towson, for petitioner.

Louisa H. Goldstein, Asst. Atty. Gen., BWI Airport (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Janice G. Salzman, BWI Airport, Asst. Atty. Gen., all on brief), for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RODOWSKY, Judge.

This case is a judicial review of an administrative agency's disciplinary proceeding against a State employee for misconduct. As proof of the facts, the agency relied on a circuit judge's finding of the employee's guilt in a nonjury, criminal cause in which the same misconduct was charged. The circuit court disposition was probation before judgment. We shall hold that the guilty finding may be used in the administrative hearing as evidence of the misconduct, but that the guilty finding may not be given conclusive effect.

Petitioner, David Powell (Powell), was employed as a maintenance worker at Martin State Airport, a facility operated by the respondent, Maryland Aviation Administration (MAA). After having been suspended from employment for three days on March 7, 1990, Powell again was suspended for five days on April 16, 1991. Both incidents involved threatening a supervisor. At a hearing held on June 3, 1991 concerning the second incident, Powell learned that Colleen Holthaus (Holthaus), a secretary in the maintenance department at Martin State Airport, had provided information during the investigation of the incident. On the next day, June 4, Holthaus began receiving obscene, harassing messages on her unlisted home telephone's answering machine.

After receiving two messages, Holthaus concluded from the recorded voice that the caller was Powell. She took the audio tapes of the messages to her supervisor who also concluded that the caller was Powell. Holthaus substituted for her answering machine one which noted the date and time of day of each message. She also arranged for the Chesapeake and Potomac Telephone Company (C & P) to trace the calls. C & P traced subsequent abusive calls to a telephone in the kitchen area at Martin State Airport. Powell had access to that phone. In addition, the superior of Holthaus's supervisor listened to eight or ten tapes and concluded that the voice was Powell's.

Holthaus swore out a criminal complaint against Powell in Harford County. He was charged with telephone misuse in

violation of Maryland Code (1957, 1992 Repl.Vol.), Art. 27, § 555A. At a bench trial in the Circuit Court for Harford County, Powell was found guilty on January 3, 1992. The circuit judge ordered a presentence investigation report. That day MAA suspended Powell.

Administrative disciplinary charges were filed against Powell on January 28, 1992. The charges invoked the regulation of the Department of Personnel under which "[a]ny employee in the classified service may be permanently removed from his position only for cause and . . . only upon written charges and after an opportunity to be heard in his own defense. . . ." Md.Regs.Code tit. 6, § 01.01.47 (1994) (COMAR). The regulation enumerates certain grounds that "shall be sufficient cause of removal." *Id.* The charges filed against Powell specified four of these grounds, of which three are relevant on this appeal.[1] These three subsections are COMAR § 06.01.01.47E, I, and M which read:

"E. That the employee has been wantonly offensive in his conduct toward fellow employees, wards of the State, or the public;"

"I. That the employee has been convicted of a criminal offense or of a misdemeanor involving moral turpitude;" and

"M. That the employee has been guilty of conduct such as to bring the classified service into public disrepute."

Powell appeared before the circuit court for sentencing on February 7, 1992. The judge granted Powell probation before judgment under Art. 27, § 641. His probation was to be supervised, for a term of eighteen months, and Powell was ordered to get counseling, perform seventy-five hours of community service, and pay costs of $255. A further condition of probation prohibited Powell's contacting Holthaus or any member of her family.

---

1. The fourth charge alleged a violation of COMAR § 06.01.01.47D which essentially involves insubordination. That charge was dismissed for lack of evidence, and it is not involved in the instant review.

Under § 641, if certain conditions therein are satisfied, the court "may stay the entering of judgment, defer further proceedings, and place the person on probation...." § 641(a). Section 641(c) further provides as follows:

"Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation. The discharge is final disposition of the matter. Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime."

Powell, acting through the associate director of his labor union, wrote to the administrative law judge (ALJ) and to the MAA requesting dismissal of the disciplinary charges. Powell took the position that charges would not have been brought against him had there been no criminal conviction, and, inasmuch as probation before judgment meant that there was no conviction, the disciplinary charges should be dismissed. Attached as exhibits to the letter/motion was a copy of the presentence investigation report that included a general description of the conduct charged and a copy of the order of probation.

At the administrative hearing on the removal charges, Powell introduced his letter/motion, with the attachments, as an exhibit. Ruling on the motion was reserved. Holthaus and the two supervisors testified to having identified Powell's voice on the answering machine tapes.[2] Powell testified and denied making any of the calls.

The ALJ resolved this factual conflict and the motion to dismiss, as well, in the following fashion:

"[Powell's representative] demands that this forum ignore the guilty finding of the court and 'retry' Mr. Powell. Thus, [Powell's representative] is requesting that this forum substitute its judgment as to the guilt of Mr. Powell but not as

---

2. The ALJ did not permit introduction of the tapes themselves nor a transcript of the tapes.

to the decision to impose a probation before judgment. [Powell's representative] cannot have it both ways.

"Not only will this forum not second guess the judge's determination regarding a probation before judgment but it will also not second guess the judge's determination of Mr. Powell's guilt as it regards MD.ANN.CODE art 27, § 555A. For purposes of this administrative hearing, the Circuit Court judge's finding of guilty after a court trial where Mr. Powell was represented by counsel is sufficient to support a violation of COMAR 06.01.01.47E and M."

The ALJ dismissed the disciplinary charge alleging a violation of COMAR § 06.01.01.47I, because that subsection required that the employee have been convicted of a criminal offense. The ALJ recommended that Powell's employment be terminated.

Powell filed exceptions to the ALJ's decision with the Secretary of Personnel. At the hearing on those exceptions before a designee of the Secretary, Powell advanced the same argument that had been made before the ALJ. The Secretary adopted the ALJ's proposed findings of fact and conclusions of law as the Secretary's final findings and conclusions.

Powell sought judicial review in the Circuit Court for Baltimore County, where he was represented by his present counsel. Powell did not question the substantiality of the evidence to sustain the agency's decision. He argued that "the whole decision here is premised solely on the guilty finding and not on what the witnesses had to say." He argued for a remand for a *de novo* hearing.

The circuit court concluded that a remand was necessary, based upon its "understanding of the operative effect of the probation before judgment." The circuit judge was

"persuaded that the entry of probation before judgment in a criminal case means that for purposes of the evidentiary hearing necessary before the [ALJ], the criminal proceedings are inadmissible with certain exceptions [e.g. impeachment and rehabilitation of witnesses] . . . but the factual finding of guilt can be given no weight by the [ALJ]."

The circuit judge believed that "the error occurred when the [ALJ], in trying to resolve the conflicting evidence, gave weight to the fact that the defendant had been found guilty in the Circuit Court." The circuit court ordered that "there be a *de novo* hearing in front of an [ALJ] who has not thus far had to deal with the issues...."

The MAA appealed to the Court of Special Appeals which, in an unreported opinion, reversed the judgment of the Circuit Court for Baltimore County. Relying on its opinion in *Ogburn v. State,* 71 Md.App. 496, 526 A.2d 614, *cert. denied,* 311 Md. 145, 532 A.2d 1372 (1987), the intermediate appellate court said that "Powell's probation before judgment disposition ... rendered the fact of his misconduct beyond dispute." The court also held that Powell had "received due process in his criminal trial, and there is no legal justification for permitting Powell to relitigate the issue of his guilt."

Powell then petitioned this Court for the writ of certiorari, which we granted. His petition presents the single question:

"Can a guilty finding in a criminal matter against a State employee, which criminal matter received a probation before judgment disposition, be given preclusive effect in State administrative disciplinary actions taken against the employee regarding the same incident?"

In this Court, Powell principally emphasizes that the guilty finding has no preclusive effect, although he does not abandon the circuit court's analysis under which the guilty finding would not be substantive evidence. If, however, this Court should decide that the guilty finding, of itself, may be considered as nonconclusive evidence of the telephone abuse charged in the criminal prosecution, then Powell argues that the matter be remanded to the administrative hearing level with instructions that the matter be heard *de novo* before an ALJ who has had no prior exposure to Powell's case. MAA does not contend that the guilty finding is conclusive, but the agency does submit that the finding is admissible, in an administrative proceeding, as evidence of the conduct

charged.[3] MAA further asks that, in the event of a remand, resolution of the factual issue be made on the present record, but under directions not to give preclusive effect to the guilty finding.

Thus, the issues before us are quite narrow. In resolving them it is important to appreciate that the proceeding in which the finding of guilt was introduced was administrative and not judicial in nature, and that the determination, adverse to Powell, was merely a finding of guilt, *i.e.*, an equivalent of a guilty verdict in a jury trial, and not a judgment of conviction.

■ Because there is no judgment, the principle called nonmutual collateral estoppel or issue preclusion does not apply to bar relitigating the facts underlying the finding. *Mannan v. District of Columbia Bd. of Medicine*, 558 A.2d 329 (D.C.1989), so held. There a physician had been found guilty of Medicaid fraud, based on a not guilty statement of facts, and granted probation before judgment by the Circuit Court for Baltimore City. *Id.* at 331. Thereafter, the District of Columbia Medical Board initiated a license revocation proceeding against the physician at which the Maryland docket entries, but not the agreed statement of facts, were introduced. *Id.* at 331–32. The Board "prevented [the physician] from explaining the circumstances of the 1,401 overbillings on the basis that he was trying to 'retry the case.' " *Id.* at 335. Rather, the Board "relied almost exclusively" on Maryland's finding of guilt to establish the willfulness element of the licensing violation. *Id.* This was held to be error for a number of reasons. One was that "there was no conviction in Maryland ... and, therefore, there is no 'valid and final

---

3. MAA preliminarily argues that Powell cannot complain that the ALJ considered the finding underlying the probation before judgment because Powell introduced that evidence and did not limit its purpose to the charge under COMAR § 06.01.01.047I. Consequently, says MAA, Powell's claim of error by the ALJ is not preserved. MAA did not file a conditional cross-petition for certiorari raising lack of preservation. The Court of Special Appeals addressed on the merits the issue of the effect of the guilty finding. Under those circumstances, MAA's assertion of lack of preservation is not before us.

judgment' from which the preclusive effect of the plea or the findings underlying the plea could be established." *Id.* at 338 (footnote omitted).[4] *Cf. Leeds Fed. Sav. & Loan Ass'n v. Metcalf,* 332 Md. 107, 115–20, 630 A.2d 245, 249–51 (1993) (plaintiffs precluded from relitigating the issue of an agent's authority where that issue had been decided adversely to plaintiffs by judgment in prior litigation with different party (cases reviewed)); *Caldor, Inc. v. Bowden,* 330 Md. 632, 659, 625 A.2d 959, 972 (1993) (denial by master of motion to suppress a confession in juvenile proceeding does not conclusively establish in juvenile's subsequent civil action for false arrest that confession was voluntary).

■ Accordingly, the ALJ erred in giving conclusive effect to the guilty finding. That adjudicator could "second guess" the circuit court judge in the telephone misuse case. Powell is correct in contending that the ALJ should have resolved the credibility dispute on all of the evidence and that, in that process, the ALJ was free to substitute her judgment for that of the circuit court on whether Powell had engaged in the conduct alleged. A remand is required.

■ For guidance on the remand, we address Powell's suggestion that the guilty finding is not admissible at all. On this point, the distinction between judicial and administrative proceedings is critical. Even if the Harford County criminal case had resulted in a judgment of conviction, under Maryland's law of evidence that conviction could not be used in a subsequent civil case to prove the underlying facts. *Briggeman v. Albert,* 322 Md. 133, 137, 586 A.2d 15, 17 (1991); *Aetna Casualty & Sur. Co. v. Kuhl,* 296 Md. 446, 450–52, 463 A.2d 822, 825–26 (1983).[5] It would seem that use of a guilty finding

---

4. The District of Columbia Court speaks of a "plea" apparently because of its analysis, see 558 A.2d at 336–37, that the Maryland not guilty statement of facts procedure was either a plea of *nolo contendere* or an *Alford* plea.

5. The Maryland Rules of Evidence, effective July 1, 1994, do not include a provision similar to Fed.R.Evid. 803(22) which excludes from the hearsay rule, even though the declarant is available, evidence of certain

to prove the underlying facts would similarly be excluded under the law of evidence, absent authorization by statute or rule.[6]

Here, the evidence in question was not introduced in a proceeding in which the law of evidence, as such, was to be applied. The operative rule for determining admissibility in State employee disciplinary proceedings that are to be decided by the Secretary of Personnel is found in the Administrative Procedure Act, Md.Code (1984, 1993 Supp.), § 10–213 of the State Government Article (SG). SG § 10–213(b) provides:

> "The presiding officer may admit probative evidence that reasonable and prudent individuals commonly accept in the conduct of their affairs and give probative effect to that evidence."

Specifically excluded from the generality of subsection (b) is evidence that is incompetent, irrelevant, immaterial, or unduly repetitious. SG § 10–213(d).

Although that "which is inadmissible in a judicial proceeding is not per se inadmissible in an administrative proceeding," that which is admitted in an administrative proceeding must have sufficient reliability and probative value to satisfy procedural due process. *Maryland Dep't of Human Resources v. Bo Peep Day Nursery*, 317 Md. 573, 595, 565 A.2d 1015, 1025 (1989), *cert. denied sub nom. Cassilly v. Maryland Dep't of Human Resources*, 494 U.S. 1067, 110 S.Ct. 1784, 108 L.Ed.2d 786 (1990); *see also* A. Rochvarg, *Hearsay in State Administrative Hearings: The Maryland Experience and Suggestions for Change*, 21 U.Balt.L.Rev. 1, 3 (1991). Powell does not contend that the circuit judge's guilty finding is so lacking in probative value that its use offends due process, so long as that use is not conclusive.

---

judgments of conviction to prove any fact essential to sustain the judgment. *See* L. McLain, *Maryland Rules of Evidence* 266–67 (1994).

**6.** For example, Art. 27, § 264(d)(2) provides that, when a person claims money seized as contraband under the gambling statutes, a probation before judgment disposition is prima facie evidence that the money is contraband.

The Court of Special Appeals has recognized the probative value of the fact of guilt underlying probation before judgment in *Ogburn v. State,* 71 Md.App. 496, 526 A.2d 614, an opinion authored by Judge Robert M. Bell. Ogburn had been convicted of assault with intent to murder. He argued on appeal that his attempt to impeach a prosecution witness had been erroneously restricted when he had not been permitted to cross-examine concerning a prior bad act, namely, theft. Ogburn proffered to show that the witness had been prosecuted for theft and had been placed on probation before judgment. *Id.* at 500, 526 A.2d at 616. One foundation that the proponent of the evidence must lay in order to cross-examine on prior bad acts is "a reasonable basis for inquiry concerning the prior bad act." *Id.* at 503, 526 A.2d at 617. In determining issues preliminary to the admissibility of evidence a "court may, in the interest of justice, decline to require strict application of the rules of evidence, except those relating to privilege and competency of witnesses." Maryland Rules of Evidence, Rule 5–104(a). In *Ogburn,* the Court of Special Appeals reasoned that the evidentiary foundation, *i.e.,* a reasonable basis for inquiry, had been established by the foundation underlying any probation before judgment. That court said:

"Since 'the fact of prior misconduct' must be established as a prerequisite to obtaining a probation before judgment disposition, the proffer that a witness has received that disposition for a theft offense necessarily establishes a reasonable basis for the inquiry concerning that offense."

*Id.* at 505, 526 A.2d at 618–19.

Nothing in Art. 27, § 641 bars using the guilty finding as evidence in an administrative proceeding. Powell's termination from State service, ordered by the Secretary of Personnel after hearing, is not a "disqualification or disability imposed by law because of conviction of crime" within the meaning of § 641(c). Cases in which the issue is whether a probation before judgment determination satisfies the meaning of "conviction" within some other statute are not relevant to the issue before us. See, *e.g., Jones v. Baltimore City Police Dep't,* 326 Md. 480, 606 A.2d 214 (1992) (probation

before judgment is not a conviction within the meaning of the Law Enforcement Officers Bill of Rights which requires an administrative hearing before punitive action is taken, unless the officer had been charged and convicted of a felony).

Having determined that a remand is required, and that the guilty finding is admissible to prove the subject telephone misuse, we now turn to Powell's request that we approve that portion of the order by the Circuit Court for Baltimore County that specified a *de novo* hearing before an ALJ who has had no prior contact with this matter. MAA, on the other hand, has asked that we specify a limited remand. We shall do neither.

■■ Ordinarily, a reversal and remand after trial for error in the trial or decision results in a retrial, unless the appellate opinion or mandate specifically limits the proceedings on remand. The limited remand sought by MAA would have us require that the record previously made be reviewed by the same ALJ who saw and heard the witnesses at the original disciplinary hearing. Even if we assume the availability of that ALJ, it is at best inappropriate, and at worst unconstitutional, for us to direct that a certain ALJ either be, or not be, assigned to a particular matter. Administrative law judges are employees of the Office of Administrative Hearings, "an independent unit in the Executive Branch of State government." SG § 9–1602. The Office of Administrative Hearings "is headed by a Chief Administrative Law Judge," § 9–1603(a), one of whose duties is to "assign [ALJs] to conduct hearings in contested cases." § 9–1604(a)(4). The Chief Administrative Law Judge must determine which ALJ to assign to this matter on remand. Consequently, we do not limit the scope of the rehearing on remand.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT FOR THE ENTRY OF A JUDGMENT VACATING THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AND REMANDING THIS MATTER TO THAT COURT FOR THE ENTRY OF A JUDGMENT VACATING*

*THE ORDER OF THE SECRETARY OF PERSONNEL AND REMANDING THIS MATTER TO THE SECRETARY OF PERSONNEL FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THE OPINION OF THIS COURT. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENT, MARYLAND AVIATION ADMINISTRATION.*