951 A.2d 904

Steven A. PICKERT

v.

MARYLAND BOARD OF PHYSICIANS.

No. 57, Sept. Term, 2007.

Court of Special Appeals of Maryland.

July 1, 2008.

Frederick W. Goundry, III of Frederick, for appellant.

Sarah E. Pendley (Douglas F. Gansler, Attorney General on the brief), Baltimore, for appellee.

Argued before SALMON, WOODWARD, THIEME, RAYMOND G., JR., (Retired, Specially Assigned), JJ.

WOODWARD, J.

This appeal involves a judicial review of an administrative agency's disciplinary proceedings against a licensed physician in Maryland. On October 30, 2002, appellee, the Maryland State Board of Physicians ("the Board"), charged appellant, Steven A. Pickert, M.D., under the Maryland Medical Practice Act, Md.Code (1983, 2005 Repl.Vol.), § 14–401 *et seq.* of the Health Occupations Article ("H.O."), for failing to meet appropriate standards for the delivery of quality medical and surgical care (H.O. § 14–404(a)(22)) and for failing to keep adequate medical records (H.O. § 14–404(a)(40)). Both charges were in regard to Dr. Pickert's evaluation and treatment of Patient A.[1]

Following an evidentiary hearing conducted by an Administrative Law Judge ("ALJ"), a Proposed Decision issued by the ALJ, and written exceptions by the parties thereto, the Board issued a Final Opinion and Order on May 7, 2004. Concluding that Dr. Pickert violated H.O. §§ 14–404(a)(22) and (40), the Board reprimanded Dr. Pickert and ordered his successful completion of two Board-approved courses, one in geriatric medicine and the other in medical record keeping.

In a Memorandum Opinion and Order filed August 26, 2005, the Circuit Court for Frederick County, acting on Dr. Pickert's petition for judicial review, remanded the case to the Board, because, *inter alia,* the Board improperly excluded from evidence certain documents reflecting Dr. Pickert's defense verdict in his medical malpractice trial. No appeal was taken from the circuit court's order.

---

1. To ensure confidentiality, we do not use the patient's name.

On February 13, 2006, in a Final Decision and Order on Remand, the Board again found that Dr. Pickert violated H.O. §§ 14–404(a)(22) and (40) and imposed the same sanctions. In a Memorandum Opinion and Order filed on February 16, 2007, the circuit court affirmed the Board's Final Decision and Order on Remand.

On appeal to this Court, Dr. Pickert presents one question for our review, which we have rephrased:

Did the Board err on remand by failing to follow the order of the circuit court to consider, as evidence, the jury verdict and judgment in favor of Dr. Pickert from a related medical malpractice action?

For the following reasons, we shall uphold the decision of the Board and thus affirm the judgment of the circuit court.

## *BACKGROUND*

On or about November 22, 2000, Patient A's survivors filed a claim against Dr. Pickert and others[2] with the Health Claims Arbitration Office ("HCAO"). Arbitration by HCAO was waived, and the medical malpractice case was transferred to the Circuit Court for Frederick County. In their complaint, Patient A's survivors alleged that Dr. Pickert was negligent in the management of Patient A's medical care and failed to timely diagnose a large abdominal aortic aneurysm. The jury returned a verdict for Dr. Pickert, specifically finding that he was not negligent in the care and treatment of Patient A.

The HCAO claim was forwarded to the Board, which initiated an investigation of Dr. Pickert's treatment of Patient A. On October 30, 2002, the Board charged Dr. Pickert with violation of two provisions of the Maryland Medical Practice Act—failure to meet appropriate standards for the delivery of quality medical and surgical care and failure to keep adequate medical records, H.O. §§ 14–404(a)(22) and (40) respectively.

---

2. The other defendants were Dr. Pickert's professional association, another physician, and Frederick Memorial Hospital, Inc.

An administrative law judge (ALJ) conducted an evidentiary hearing on these charges for five days in May, June, and July 2003. On September 29, 2003, the ALJ issued a Proposed Decision, to which the parties filed exceptions.[3]

On May 7, 2004, the Board issued a Final Opinion and Order, modifying the ALJ's Proposed Decision. Concluding that Dr. Pickert violated Sections 14–404(a)(22) and (40), the Board ordered that Dr. Pickert be reprimanded and successfully complete two Board-approved courses. Additionally, in its opinion, the Board noted the following error of the ALJ:

> [T]he ALJ admitted into evidence (as [Dr. Pickert's] Exhibits 7 and 8) the records which show that Dr. Pickert was not liable in the malpractice case involving [Patient A]. Although neither of these rulings had a substantial effect on this case, the Board disagrees with both. The ALJ clearly understood and articulated that a malpractice action is a different type of case in which a different issue is heard by a lay jury, and that therefore malpractice verdict documents are not particularly probative in a case arising under the Medical Practice Act—yet the ALJ admitted these non-probative documents into evidence. Since the Board agrees that documents reflecting the verdicts of medical malpractice cases are not probative of the issue in a Medical Practice Act case, they should not have been admitted into evidence. This ruling is intended as a prior adjudication as that term is used in Md. State Gov't Code Ann. § 10–214(b). This is not intended to limit the use of any other evidence that may have been *used* in a malpractice case (transcripts of testimony, depositions, medical records, factual admissions, *etc.*), which evidence may well be probative and admissible.

Thereafter, Dr. Pickert filed a petition for judicial review in circuit court, and oral argument was heard on August 17, 2005.

---

**3.** Although the hearing was held before an ALJ, the Board retained final decision-making authority. *See* H.O. § 14–405(e) (stating that, after conducting the hearing, the ALJ "shall refer proposed factual findings to the Board for the Board's disposition.")

In a Memorandum Opinion and Order filed August 26, 2005, the circuit court remanded the case to the Board. The circuit court concluded, in part,[4] that the Board should not have excluded the documents reflecting Dr. Pickert's defense verdict in his medical malpractice trial from evidence in determining whether Dr. Pickert violated H.O. § 14–404. The court wrote:

> Md. State Gov't Code Ann. § 10–213 states that, in an administrative agency appeal, each party in a contested case shall offer all of the evidence that the party wishes to have made part of the record. It goes on to state that the presiding officer may admit probative evidence that reasonable and prudent individuals commonly accept in the conduct of their affairs, and give probative effect to that evidence. The presiding officer may exclude evidence that is incompetent, irrelevant, immaterial, or unduly repetitious.
>
> &ast; &ast; &ast;
>
> While the Board is correct when it states that "verdict sheets in prior malpractice actions reflect the vagaries of a different proceeding on a different issue . . . in which the concepts of negligence, proximate cause, proof or monetary damages and contributory negligence are at play," we disagree that this makes the verdict sheet incompetent, irrelevant, or immaterial. [Dr. Pickert's] defense verdict in his medical malpractice case, reflecting a jury's determination that [Dr. Pickert] did not breach his duty of care, is a piece of evidence that a reasonable and prudent individual would commonly accept when deciding whether there had been a violation of the medical standard of care under § 14–404(a)(22) of the Medical Practice Act. **While the AL J, and ultimately the Board, could have decided to give little weight to the verdict of the jury in its decision, it was**

---

**4.** The court also concluded that the Board improperly found that Dr. Pickert violated the standard of quality medical care for a greater period of time than Dr. Pickert was charged. The Board's resolution of that issue on remand is not before us in the instant appeal.

**improper to hold that the verdict was completely non-probative and not consider it as evidence.** Because the verdict sheet was neither incompetent, immaterial, or irrelevant, and because a reasonable and prudent individual would consider it when determining whether Dr. Pickert violated the medical standard of care, this evidence was not subject to exclusion under § 10–213(d) of the State Government [A]rticle of the Annotated Code of Maryland.

(Emphasis added).

On February 13, 2006, the Board issued a Final Decision and Order on Remand. The Board again found that Dr. Pickert violated the standard of care in his treatment of Patient A under H.O. § 14–404(a)(22) and failed to keep adequate medical records in violation of H.O. § 14–404(a)(40). As before, the Board ordered that Dr. Pickert be reprimanded and successfully complete two Board-approved courses. In reference to Dr. Pickert's defense verdict, the Board stated:

In its Memorandum Opinion and Order, the circuit court found that the Board should have considered the defense verdict in a prior medical malpractice case filed against Dr. Pickert in deciding whether he provided substandard medical care under the Medical Practice Act.

* * *

On remand, the Board convened to re-consider this case and issues this Final Decision and Order on Remand after considering the directives in the circuit court's remand order, specifically, that the Board . . . consider as evidence [Dr. Pickert's] Exhibit 7 ("Judgment"), and [Dr. Pickert's] Exhibit 8 (jury "Verdict Sheet") that Dr. Pickert proffered during the evidentiary hearing before the [ALJ].

* * *

The Board agrees with the State that the malpractice jury verdict sheet and judgment in Dr. Pickert's favor does not bind the Board to a finding that Dr. Pickert violated the Medical Practice Act by providing substandard medical

care.  The Board agrees with the State that the issue of the standard of quality medical care in a physician licensure disciplinary case poses a different question answered by different legal standards and different triers of fact.  As the circuit court ruled, these two documents were only pieces of evidence to be considered along with the other 20 documentary exhibits and expert witness testimony admitted into evidence at the evidentiary hearing before the [ALJ].

The Board concludes that a jury's verdict, regardless of whether the verdict is "negligent" or "not negligent," in a related medical malpractice case has no conclusive, binding effect on the Board's ultimate conclusion on the issue of whether Dr. Pickert violated section 14–404(a)(22) of the Medical Practice Act by providing substandard medical care to the patient.

* * *

The circuit court has ruled that the Board's ruling [in] its Final Opinion and Order of May 7, 2004, which flatly excluded those documents from evidence, was an error of law.  The Board, not having appealed the circuit court's decision, is bound by the law of the case to admit and consider those documents.  The Board had previously opined that admission or not of these documents would not have any "substantial effect" on the case.  In considering these documents now, on remand, the Board finds that they have no substantial effect on the case.  These documents reflect the opinion of a lay jury on a related but different issue in a different context.  The documents are admitted, but the Board has given them little weight.  The Board's consideration of these documents has not changed in any way the Board's factual findings or legal conclusions, nor does it have any effect on the sanction imposed.

(Emphasis added).

On March 14, 2006, Dr. Pickert filed a petition for judicial review of the Board's Final Decision and Order on Remand in

circuit court. In a Memorandum Opinion and Order filed February 16, 2007, the court affirmed the Board's Final Decision and Order on Remand. In relevant part, the court noted that the Board appropriately considered the defense verdict as evidence, and therefore, did not violate the circuit court's remand order of August 26, 2005. The court wrote:

On remand, the Board clearly considered the verdict sheet, but chose to give it very little weight in its consideration of all the evidence. The Board stated, "[t]he documents are admitted, but the Board has given them little weight."

The Board's decision to give the jury verdict little weight is not inconsistent with this Court's order. This Court merely ordered that the evidence be considered, not that the evidence be given any significant weight or conclusionary and binding effect. Thus the Board's statement that the jury verdict sheet "has no conclusive, binding effect on the Board's ultimate conclusion" is consistent with this Court's Order. The Board was free to attach any significance to the evidence it felt necessary, so long as the evidence was at least considered. It was the Board's prerogative to decide that the jury verdict sheet had no significant effect on its final decision. Because the Board definitively stated that it considered the jury verdict as a piece of evidence, this Court finds that the Board did not violate its Order.

Dr. Pickert timely noted this appeal.

### STANDARD OF REVIEW

In reviewing the decision of an administrative agency, " 'we reevaluate the decision of the agency, not the decision of the lower court.' " *Days Cove Reclamation Co. v. Queen Anne's County*, 146 Md.App. 469, 484, 807 A.2d 156 (2002) (quoting *Gigeous v. Eastern Correctional Instit.*, 363 Md. 481, 495–96, 769 A.2d 912 (2001)). We examine whether the agency's decision is " 'in accordance with the law or whether it is arbitrary, illegal, and capricious.' " *Md. Dep't. of the Env't. v. Ives*, 136 Md.App. 581, 585, 766 A.2d 657 (2001) (citations

omitted). Thus, our role is "limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law." *United Parcel Serv., Inc. v. People's Counsel,* 336 Md. 569, 577, 650 A.2d 226 (1994).

When reviewing an agency's conclusions of law, "we may substitute our judgment for that of the agency" if we conclude that the agency's decision is based on "erroneous conclusions of law." *Ives,* 136 Md.App. at 585, 766 A.2d 657. When, however, we decide "whether the agency's conclusions were premised on an error of law, we ordinarily give 'considerable weight' to 'an administrative agency's interpretation and application of the statute which the agency administers.'" *Montgomery County v. Rotwein,* 169 Md.App. 716, 727, 906 A.2d 959 (2006) (quoting *Bd. of Physician Quality Assurance v. Banks,* 354 Md. 59, 68–69, 729 A.2d 376 (1999)).

Here, Dr. Pickert does not claim that the Board's decision is not based on substantial evidence. Rather, Dr. Pickert asserts that the Board erred as a matter of law when it "failed to comply with the [c]ircuit [c]ourt's [o]rder." Accordingly, we will review the Board's decision to determine if it is based on an erroneous conclusion of law. *See Ives,* 136 Md.App. at 585, 766 A.2d 657.

### DISCUSSION

Dr. Pickert argues that the Board, in its Final Decision and Order on Remand, "failed to comply with the [c]ircuit [c]ourt's order, because ... it did not consider the jury verdict as competent, relevant, or material evidence" as ordered by the circuit court. According to Dr. Pickert, the Board merely "repeated what it has stated in its original order—*i.e.,* it gave no weight to the jury's verdict" and provided no explanation for "its perfunctory decision." Dr. Pickert elaborates:

> The Board gives no reason why the jury verdict was not worthy of consideration. It gives no reason why the verdict was not relevant. It gives no reason why the Board's

conclusion is superior to a jury verdict. The jury was bound by the "preponderance of the evidence" standard. The ALJ and the Board were bound to the more rigorous "clear and convincing evidence" standard.

Because "the Board failed to consider the jury verdict on remand," Dr. Pickert requests a reversal and remand of the Board's Final Decision and Order on Remand.[5]

The short answer to Dr. Pickert's contention lies in the plain language of the Board's Final Decision and Order on Remand. The Board stated that it "convened to re-consider this case ... after considering the directives in the circuit court's remand order, specifically, that the Board ... consider as evidence [Dr. Pickert's] Exhibit 7 ("Judgment"), and [Dr. Pickert's] Exhibit 8 (jury "Verdict Sheet") that Dr. Pickert proffered during the evidentiary hearing before the [ALJ]." Further, the Board acknowledged the binding effect of the circuit court's order:

The circuit court has ruled that the Board's ruling [in] its Final Opinion and Order of May 7, 2004, which flatly excluded those documents from evidence, was an error of law. **The Board,** not having appealed the circuit court's

---

**5.** In addition, Dr. Pickert contends that the Board went well beyond the dictates of circuit court's opinion and order by "revisit[ing] matters beyond the scope of remand." Specifically Dr. Pickert argues that the Board had no authority to revisit Findings 21, 22, 24, and 25 and the comments on them.

In its Final Decision and Order on Remand, the Board stated:
"[I]n reconsidering this case on remand, the Board again considered the entire record in this case, including the record made before the [ALJ], the written and oral exceptions to the [ALJ's] Proposed Decision submitted to the Board by Dr. Pickert and the State; and the written argument submitted to the Board by the State and Dr. Pickert on the issues in the circuit court's remand order."

In addition, the Board expressly reconsidered Findings 21, 22, 23, and 24 in light of Dr. Pickert's defense verdict and concluded, as to each finding, that the "malpractice jury verdict sheet and judgment, to the extent that they reach this factual issue, are of insufficient weight to change the Board's finding on this issue." In our view, it would have been error for the Board *not* to have reconsidered each finding in light of the malpractice jury verdict sheet and judgment. Finally, the Board's Finding 25 and comments thereon, which were in favor of Dr. Pickert, were identical to the Board's previous finding and comments.

decision, **is bound by the law of the case to admit and consider those documents.**

(Emphasis added).

The Board then wrote:

The Board had previously opined that admission or not of these documents would not have any "substantial effect" on the case. **In considering these documents now, on remand, the Board finds that they have no substantial effect on the case.** These documents reflect the opinion of a lay jury on a related but different issue in a different context. **The documents are admitted, but the Board has given them little weight.**

(Emphasis added).

It is clear from the above language that the Board followed the circuit court's remand order by admitting into evidence the malpractice jury verdict sheet and judgment and considering those documents in reaching its decision. The fact that the Board decided to give those documents "little weight" in determining whether Dr. Pickert violated the applicable standard of care under the Medical Practice Act is also consistent with the circuit court's remand order, in which the court explained that, had the Board admitted the defense verdict into evidence, it "could have decided to give little weight to the verdict of the jury in its decision."

Dr. Pickert relies on *Powell v. Md. Aviation Admin.*, 336 Md. 210, 647 A.2d 437 (1994). He complains that he should be entitled to the same protections as the State employee in *Powell*. In *Powell*, the employee was found guilty of criminal charges at a bench trial in circuit court. *Id.* at 214, 647 A.2d 437. In a subsequent disciplinary hearing, in which the same misconduct was charged, the Administrative Law Judge ("ALJ") decided that " 'this forum ... will also not second guess the judge's determination of [the employee's] guilt.' " *Id.* at 216, 647 A.2d 437. The Court of Appeals held that the finding of the employee's guilt may be used in the "administrative proceeding as evidence of the misconduct, but that the guilty finding may not be given conclusive effect." *Id.* at 213,

647 A.2d 437. In so holding, the Court determined that "the ALJ erred in giving conclusive effect to the guilty finding." *Id.* at 219, 647 A.2d 437. Rather, the ALJ "should have resolved the credibility dispute on all of the evidence and that, in that process the ALJ was free to substitute her judgment for that of the circuit court on whether [the employee] had engaged in the conduct alleged." *Id.*

The Board's Final Decision and Order on Remand is consistent with *Powell.* The Board stated that Dr. Pickert's defense verdict and judgment did not bind its ultimate decision. Instead, both documents served as "only pieces of evidence to be considered along with the other 20 documentary exhibits and expert witness testimony admitted into evidence at the evidentiary hearing before the [ALJ]." In line with *Powell,* the Board opined: "[A] jury's verdict ... in a related medical malpractice case has no *conclusive,* binding effect on the Board's ultimate conclusion on the issue of whether Dr. Pickert violated section 14–404(a)(22) of the Medical Practice Act by providing substandard medical care to the patient." (Emphasis added).

Finally, Dr. Pickert complains that the Board, in its opinion, provided no reason why the jury verdict was "not relevant" or "worthy of consideration." Also, noting that the Board and ALJ "were bound to the more rigorous 'clear and convincing evidence' standard" than the preponderance of the evidence standard applicable in his malpractice case, Dr. Pickert asks: "[I]f ... the jury found there was no violation of the standard of care, on what basis does the Board so cavalierly dismiss the jury's verdict when its standard of proof is far more rigorous?"

Contrary to Dr. Pickert's assertion, the Board did explain why it was giving the jury verdict "little weight." The Board said:

[T]he issue of the standard of quality medical care in a physician licensure disciplinary case poses a different question answered by different legal standards and different triers of fact. As the circuit court ruled, these two docu-

ments were only pieces of evidence to be considered along with the other 20 documentary exhibits and expert witness testimony admitted into evidence at the evidentiary hearing before the [ALJ].

The Board concluded that the documents evidencing the jury verdict and judgment would "have no substantial effect on the case" because "[t]hese documents reflect the opinion of a lay jury on a related but different issue in a different context."

Notwithstanding this explanation, counsel for Dr. Pickert asserted at oral argument before this Court that the Board should have given more specific reasons why the jury verdict was rejected. We disagree. The only evidence relating to the malpractice case before the Board was (1) the jury verdict sheet, which stated that Dr. Pickert was not "negligent in the medical care and treatment of [Patient A]," and (2) the judgment issued by the Clerk of the Circuit Court for Frederick County in favor of Dr. Pickert and against the plaintiffs. The Board did not have before it a transcript of any of the testimony from the malpractice trial, nor any of the trial exhibits. In short, the Board had no knowledge of what evidence was before the jury or whether that evidence was materially different from the evidence before the Board. Consequently, the Board did not have any basis on which to provide a more specific explanation for rejecting the jury's verdict.

██ Furthermore, there are several distinctions between a medical malpractice case and the Board's disciplinary action. Medical malpractice actions in circuit court and administrative proceedings before the Board are entirely different proceedings. Medical malpractice actions are governed by Sections 3–2A–01 *et seq.* and 3–2C–01 and 02 of the Courts and Judicial Proceedings Article. *See* Md.Code (1973, 2006 Repl.Vol.), §§ 3–2A–01 *et seq.*, 3–2C–01 *et seq.* of the Courts and Judicial Proceedings Article. Disciplinary proceedings before the Board, on the other hand, are governed by the Medical Practice Act and its regulations codified in COMAR 10.32.02.

Medical malpractice cases are tort actions consisting of different elements of proof in which liability is determined. Administrative actions under the MPA are intended to "provide the Board with sufficient authority to assure a high standard of medical care from physicians licensed in this State." *Solomon v. Bd. of Physician Quality Assurance*, 132 Md.App. 447, 455, 752 A.2d 1217, *cert. denied*, 360 Md. 275, 757 A.2d 811 (2000).[6] No proof of injury or harm is required to take disciplinary actions against a physician's license. *See* H.O. § 14–404(a). Consequently, the outcome of the related, but entirely different, proceedings need not be the same.

Most critically, Dr. Pickert's medical malpractice case and the administrative proceeding involved different triers of fact. A lay jury's finding that Dr. Pickert was not liable in the tort action does not control the Board's decision in a disciplinary proceeding under the Medical Practice Act, in which the Board makes its own independent evaluation based upon its medical expertise. *See* Md.Code (1984, 2004 Repl.Vol.), § 10–213(i) of the State Government Article (stating that the Board may "use its experience, technical competence, and specialized knowledge in the evaluation of the evidence."); *Solomon*, 132 Md.App. at 455, 752 A.2d 1217 (" '[T]he expertise of the agency in its own field should be respected.' " (quoting *Bd. of Physician Quality Assurance v. Banks*, 354 Md. 59, 69, 729 A.2d 376 (1999))). This distinction alone, without further explanation, can justify a decision by the Board different from a malpractice jury verdict, even taking into consideration the higher burden of proof. A trier of fact, be it the Board or a jury, can believe all, part, or none of the testimony of any witness. *See Fowler v. Motor Vehicle Admin.*, 394 Md. 331, 342, 906 A.2d 347 (2006) ("It is well-settled in this State that it is the function of an administrative agency to make factual findings and to draw inferences from the facts found.") (internal quotations omitted); *Owens–Illinois, Inc. v. Hunter*, 162

---

**6.** Disciplinary proceedings against licensed professionals are "a catharsis for the profession and a prophylactic for the public." *McDonnell v. Comm'n on Medical Discipline*, 301 Md. 426, 436, 483 A.2d 76 (1984).

Md.App. 385, 398, 875 A.2d 157 (2005) ("It is ... at the very core of the common law trial by jury ... to trust in its fact finders, after full disclosure to them, to assess the credibility of the witnesses and to weigh the impact of their testimony." (quoting *Bailey v. State,* 16 Md.App. 83, 93, 294 A.2d 123 (1972))).

In sum, having admitted the jury verdict sheet and judgment from Dr. Pickert's malpractice case and reconsidering all of the evidence, the Board decided, with adequate explanation, that those documents were of "little weight" and did not warrant a departure from the Board's prior decision that Dr. Pickert violated H.O. §§ 14–404(a)(22) and 14–404(a)(40) of the Medical Practice Act. We agree with the Board's statement in its brief that "[i]t was the Board's prerogative, in light of its medical expertise, the law underlying its own disciplinary proceedings and the civil tort trial, and the record facts, to decide what effect the jury's verdict in the malpractice case should have on the Board's ultimate decision on whether Dr. Pickert violated the standard of care established under the Medical Practice Act." Therefore, we conclude that the Board did not err.

**JUDGMENT OF THE CIRCUIT COURT FOR FREDERICK COUNTY AFFIRMED. APPELLANT TO PAY COSTS.**